```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
LUCRECIA NARVAEZ,                       :
                                        :      09 Civ. 6397 (DLC)
                  Plaintiff,            :
                                        :      OPINION AND ORDER
         -v-                            :
                                        :
AMERICAN AIRLINES, INC.,                :
                                        :
                  Defendant.            :
                                        :
----------------------------------------X
```

Appearances:

For the plaintiff:
Craig Pheminster
Law Office of Michael S. Lamonsoff, PLLC
80 Maiden Lane, 12th Floor
New York, NY 10038

For the defendant:
Michael J. Crowley
Michael Bojbasa
Connell Foley LLP
888 Seventh Avenue, Suite 3401
New York, NY 10106

DENISE COTE, District Judge:

The defendant American Airlines, Inc. ("American") has moved for summary judgment on the plaintiff's claims. For the following reasons, the motion is granted.

BACKGROUND

The following facts are undisputed or taken in the light most favorable to the plaintiff.[1] The plaintiff Lucrecia Narvaez

---

[1] Neither party submitted a statement of undisputed facts as required by Local Rule 56.1. "Failure to submit such a

("Narvaez") went with her teenage son to the American terminal at John F. Kennedy International Airport ("JFK") on August 19, 2007 to take a flight to the Dominican Republic.  After she checked her baggage and had her passport reviewed at the American ticket counter, Narvaez went toward the security checkpoint where there are x-ray machines and metal detectors.[2]  She had her passport checked again and was about to go through the metal detector.  Narvaez had taken a few steps beyond where her passport was checked when she tripped over the corner of a black, square rug whose corner was folded or upturned.  Narvaez fell forward.  She braced for the fall with her arms, and her knees and forehead struck the floor.  After the fall, American employees and TSA personnel helped her into a chair, rolled up the rug and put it in a corner, and called for a Port Authority official to come over.  Narvaez was taken by ambulance to Jamaica Hospital in Queens, where she had x-rays taken and

---

statement may constitute grounds for denial of the motion."
S.D.N.Y. Local Rule 56.1.  The parties rely on the deposition
testimony of the plaintiff and a representative from American,
as well as an incident report created by American the day of the
accident (the "Event Report").  Each party disputes some of the
other party's interpretations of the deposition testimony.
Nonetheless, the material facts required to decide the motion
are undisputed.

[2] At her deposition, Narvaez, who testified in Spanish through a
translator, described a "laser rays checkpoint."  Defense
counsel established at the deposition that she was referring to
the security checkpoint consisting of the metal detectors and
the conveyor belt leading to the x-ray station where hand
baggage is scanned.

received pain medication.  She returned to JFK and caught a flight to Santo Domingo the same day.

Narvaez and Herberto Narvaez (plaintiff's then-husband) filed suit against American and AMR Corporation in New York state court in or around July 2008.  The case was removed to federal court on July 17, 2009 on the ground of diversity of citizenship.  After Narvaez and Herberto Narvaez separated, plaintiff's counsel withdrew as counsel for Herberto Narvaez on October 9, 2009, and Herberto Narvaez's claims were dismissed with prejudice on March 22, 2010.  On April 9, Narvaez filed the amended complaint, asserting claims against American only.  The defendant filed its motion for summary judgment on October 28, and the motion was fully submitted on November 24.

## DISCUSSION

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts "in the light most favorable" to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Holcomb v. Iona Coll., 521 F.3d 130, 132 (2d Cir. 2008).

Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set out specific facts showing a genuine issue for trial," and cannot "rely merely on allegations or denials" contained in the pleadings.  Fed. R. Civ. P. 56(e); see also Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist."  Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Only disputes over material facts -- "facts that might affect the outcome of the suit under the governing law" -- will properly preclude the entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (stating that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

New York law applies to Narvaez's claims because "state substantive law applies to state law claims in federal court." Bonime v. Avaya, Inc., 547 F.3d 497, 501 (2d Cir. 2008).  Under New York law, "[t]o establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to

4

the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." Solomon ex rel. Solomon v. City of New York, 489 N.E.2d 1294, 1294 (N.Y. 1985). "Liability for a dangerous or defective condition on property is generally predicated upon ownership, occupancy, control or special use of the property." Noble v. Pound, 774 N.Y.S.2d 95, 98 (App. Div. 3d Dep't 2004) (citation omitted); see also Sutera v. Go Jokir, Inc., 86 F.3d 298, 302 (2d Cir. 1998). Additionally, "[t]o impose liability upon a defendant in a slip-and-fall action, there must be evidence that the defendant either created the condition which caused the accident, or had actual or constructive notice of the condition." Cusack v. Peter Luger, Inc., 909 N.Y.S.2d 532, 533 (App. Div. 2d Dep't 2010).

The defendant is entitled to summary judgment because there is no material question of fact with respect to whether American controlled or occupied the area in which Narvaez fell. Narvaez's testimony is that she tripped on a square, black rug after she had her passport checked and immediately before she reached the metal detectors and baggage x-rays. Ajay Patel ("Patel"), the Manager of Passenger Services for American, testified that American controls the snake-shaped line that a passenger walks through prior to reaching the security checkpoint, but that the Transportation Security Administration ("TSA") controls the area beyond where a passenger's passport is

checked.  The security checkpoint area is a "federal facility" consisting of the area where the metal detectors and the x-ray machines are located.  Those machines are owned by the TSA and operated by TSA employees.  No one but a federal employee is permitted to work in that area of the terminal.  <u>See</u> 49 U.S.C. § 44901 (requiring the screening of passengers to be carried out by a federal government employee supervised by the TSA).

Patel testified that in 2007, there were black, square mats located in the TSA security checkpoint area between the point where a passenger's passport would be checked and where the x-ray machines were located.  He testified that the black mats were located in the area controlled by the TSA, that they were owned by the TSA, and that only TSA employees worked in the area in which the plaintiff fell.  The only rug owned or controlled by American anywhere nearby was a narrow rectangular red rug at the entrance of the snake-shaped line for American's first class passengers.  Additionally, the Event Report confirms that Narvaez tripped and fell "on the mat at the TSA checkpoint."[3]

---

[3] The plaintiff objects to this exhibit as not being in admissible form.  When submitted, the Event Report was not sworn to or affirmed in any manner.  The defendant included a sworn affidavit from Patel authenticating the exhibit in its reply papers.  The defendant represents that the Event Report was produced to the plaintiff prior to the depositions, and Patel discussed American's policy of creating event reports at his deposition.

The plaintiff has not presented evidence that creates any question of material fact with respect to who controlled the rug on which she tripped. The plaintiff argues that her testimony shows that she tripped and fell in the line controlled by American before reaching the security checkpoint. In fact, this is not the plaintiff's testimony. The plaintiff was asked to describe how she got to the security checkpoint area from the American counter where she checked her bags. She replied, "Already, when I arrived to the checkpoint, when they look at my passport, I am there; I am about to go through the laser rays." She testified that she could see the x-ray machines from the place where she fell and that the distance from where her passport was checked to the x-ray machines was approximately twenty feet. The plaintiff's description of her accident does not support her contention that she fell in the snake-shaped line controlled by American prior to reaching the checkpoint area. Based on the plaintiff's own description of the events, she had reached the security checkpoint controlled by the TSA, although she had not yet reached the metal detectors and x-ray machines themselves. Moreover, the plaintiff has not offered any evidence to create an issue of fact regarding American's control over the black rug; Patel testified that the only rug owned by American was red.

The plaintiff also argues that American employees demonstrated control over the rug and the area by moving the rug after she fell.  Evidence of subsequent repairs is admissible in negligence cases where control over the dangerous condition is at issue.  Hughes v. Cold Spring Constr. Co., 809 N.Y.S.2d 751, 753 (App. Div. 4th Dep't 2006).  The plaintiff testified that American employees and TSA personnel rolled up the rug and placed it in a corner after she fell.[4]  Even if American employees did help move the rug, however, that activity is not sufficient to create a question of material fact with respect to control over the area and the rug.  As a first point, it is questionable that temporarily moving a rug into a corner is a "repair."  Cf. Scudero v. Campbell, 43 N.E.2d 66, 66 (N.Y. 1942) (repairing a rotted wooden step); Bovich v. E. Meadow Pub. Library, 789 N.Y.S.2d 511, 512 (App. Div. 2d Dep't 2005) (repairing an uneven concrete slab); Olivia v. Gouze, 140 N.Y.S.2d 438, 441 (App. Div. 1st Dep't 1955) (repairing broken concrete).  At any rate, if any third party had come along after the injury and helped the TSA personnel roll up and move the

---

[4] The plaintiff describes some of the people who helped her and moved the rug as wearing white shirts with yellow insignia.  The plaintiff testified that she recognized these people as American employees.  Patel testified that, in 2007, TSA employees wore white shirts with yellow insignia.  Despite the uncertainty of the plaintiff's identification, the Event Report confirms that at least some of the people who assisted the plaintiff were American employees.

rug, that person would not be said to have exercised control over the rug such that he might be liable for Narvaez's injury. Given the evidence of TSA's exclusive control over the area and the rug, it cannot be fairly inferred that American also controlled the area simply because its employees sought to assist the plaintiff and TSA when the plaintiff fell.

## CONCLUSION

The defendant's October 28 motion for summary judgment is granted. Because the defendant has shown that it did not operate or control the area in which the plaintiff fell, it is unnecessary to reach the issue of whether American had notice of the condition of the rug. The Clerk of Court shall enter judgment for the defendant and close the case.

SO ORDERED:

Dated:   New York, New York
         December 13, 2010

                                    _____
                                           DENISE COTE
                                    United States District Judge